# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SHATORIA JOHNSON
*on behalf of Jaquan Haynes*,
    Plaintiff,

v.

JAMES SMITH and DEMARCO WEST,
    Defendants.

Civil Action No.
1:21-cv-05037-SDG

## OPINION AND ORDER

This matter is before the Court on frivolity review of Plaintiff Shatoria Johnson's Complaint [ECF 4] pursuant to 28 U.S.C. § 1915(e)(2).

**I.   BACKGROUND**

On January 3, 2022, Johnson filed her Complaint and an application for leave to proceed *in forma pauperis*.[1] On January 6, United States Magistrate Judge Christopher C. Bly granted Johnson *in forma pauperis* status for the purpose of allowing a frivolity determination by this Court.[2] The Complaint asserts "a *Bivens*

---

[1]   ECF 4 (Compl.); ECF 3 (IFP Application).

[2]   ECF 5.

action"[3] against Defendants James Smith and DeMarco West of the United States Marshals for shooting and killing Johnson's son, Jaquan Haynes.[4] Johnson contends that the marshals started shooting without seeing her son or confirming his identity.[5] She further alleges that the marshals shot him 48 times, and, as a result, his fingers were "blown off" and "his face was detached from his body." *Id.*

## II. JURISDICTION

The Court must consider whether it has subject matter jurisdiction to hear a case, regardless of whether the issue is raised by the parties. *Arbough v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[Federal courts] have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). Original jurisdiction of federal district courts may be based on an action arising out of the Constitution or laws of the United States (federal question jurisdiction) or diversity of citizenship of the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332.

This Court construes Johnson's allegations as a Fourth Amendment excessive force claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S.

---

[3] ECF 4, at 1.

[4] ECF 4.

[5] *Id.* at 2.

388 (1971).⁶ As a result, the Court has federal subject matter jurisdiction over this claim. *Butz v. Economou*, 438 U.S. 478, 486 (1978) ("*Bivens* established that compensable injury to a constitutionally protected interest could be vindicated by a suit for damages invoking the general federal-question jurisdiction of the federal courts.").

Johnson also alleges what this Court understands to be common-law tort claims, including for wrongful death and battery.⁷ "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Since a *Bivens* claim asserts a federal question, *Butz*, 438 U.S. at 486, and the tort claims are part of the same controversy, this Court has jurisdiction over all of Johnson's claims.

### III.   STANDARD OF REVIEW

An *in forma pauperis* complaint must be dismissed "if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

---

6   *Id.* at 1.

7   *Id.* at 1–3.

is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous when it "has little or no chance of success," *e.g.*, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or the pleading "seeks to enforce a right that clearly does not exist." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). *See also Neitzke*, 490 U.S. at 327.

To state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.,* 605 F. 3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). Johnson filed her Complaint *pro se*. Thus, the Court must construe the Complaint leniently and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

551 U.S. 89, 94 (2007) (cleaned up). *See also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## IV.   DISCUSSION

Johnson's Complaint alleges several facts claiming Defendants used excessive force in shooting her son. She contends that her son was shot 48 times, destroying his entire body—specifically, his hands and face. A court is not bound to accept without question the truth of a plaintiff's allegations in frivolity review. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). However, in such reviews, a plaintiff's factual allegations must still be weighted in her favor, even if they may be perceived as unlikely or improbable. *Id.* at 33. Here, Johnson's claims do not "rise to the level of the irrational or the wholly incredible" such that the Court's questions about their truthfulness may be resolved without discovery. *Id.* Therefore, the Court finds that the Complaint is not frivolous or malicious. Instead, the Court will focus its analysis on whether Johnson plausibly stated a claim for relief and whether Defendants are immune from liability as officers of the federal government.

### A.    *Bivens* Claims

#### 1.    Johnson Pleads a Plausible Bivens Claim.

To state a claim for relief under *Bivens*, a plaintiff must allege that a federal agent, by act or omission under color of federal authority, deprived him of a right, privilege, or immunity secured by the Constitution. *Bivens*, 403 U.S. at 389; *Powell v. Lennon*, 914 F.2d 1459, 1462–63 (11th Cir. 1990) ("The Supreme Court has recognized that victims of constitutional violations committed by federal officials have a cause of action against those officials."); *see also Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("[A]s a general matter federal courts incorporate § 1983 law into *Bivens* actions.").

Johnson contends that the marshals, while acting under the color of federal authority, deprived her son of his Fourth Amendment right to be free from unreasonable seizures. A "seizure" under the Fourth Amendment occurs "when the officer, by means of physical force or show of authority, terminates or restrains [a person's] freedom of movement, through means intentionally applied." *Brendlin v. California*, 551 U.S. 249, 254 (2007); *See also Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012) (stating that a person is "seized" if a reasonable person in those circumstances "would have believed that he was not free to leave."). An "excessive force claim aris[ing] in the context of an arrest or

investigatory stop of a free citizen" invokes the unreasonable seizure clause of the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989).

Whether a seizure is unreasonable depends on the facts and circumstances of each particular case. *Id.* at 396. Courts look to whether a reasonable officer would have used that amount of force based on the severity of the crime at issue, whether the suspect posed an immediate threat, and the risk of flight. *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968); *See also Tennessee v. Garner*, 471 U.S. 1, 8–9 (1985). However, even in cases where a use of lethal force may initially be justified, the level of force that is reasonable may change during the course of a police encounter. *Glasscox v. City of Argo*, 903 F.3d 1207, 1214 (11th Cir. 2018).

In this case, if Johnson's son no longer posed a threat and the marshals knowingly continued to shoot him regardless, any shot thereafter might have been excessive force in violation of the Fourth Amendment. Therefore, this Court finds that Johnson plausibly states a claim for relief.

    **2. Qualified Immunity Does Not Necessitate Dismissal at this Stage.**

Next, this Court turns to the question of immunity. Defendants in this case are alleged to be US Marshals. US Marshals, like other Government officials, can be protected from suit in a *Bivens* action under the doctrine of qualified immunity when their conduct "does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "A law enforcement officer receives qualified immunity for use of force during an arrest if an objectively reasonable officer in the same situations could have believed the use of force was not excessive." *Brown v. City of Huntsville*, 608 F.3d 724, 738 (11th Cir. 2010).

If an officer's conduct violates a clearly established right, the officer cannot assert a defense of qualified immunity. *Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1292 (11th Cir. 2009). A right may be clearly established if there is "(1) case law with indistinguishable facts clearly establishing the … right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Id.* at 1291–92.

The allegations in Johnson's complaint provide a plausible factual basis to question the reasonableness of the marshals' conduct. At this stage, as the facts are to be weighed in Johnson's favor, the Complaint sufficiently alleges that the "used force was plainly excessive, wholly unnecessary, and, indeed, grossly disproportionate." *Lee v. Ferraro*, 284 F.3d 1188, 1198 (11th Cir. 2002). While the Eleventh Circuit has stated that "a large number of shots" is not dispositive in converting a reasonable use of deadly force into an unreasonable use, *Cooper v.*

*Rutherford*, 503 F. App'x. 672, 676 (11th Cir. 2012), this does not mean that there are no circumstances in which an inordinate number of shots could be unreasonable and constitute excessive force. Thus, this Court finds that Johnson sufficiently states a non-frivolous claim, and declines to dismiss on qualified immunity grounds at this pleading stage. Therefore, Johnson's *Bivens* claim survives frivolity review.

### B.  Tort Claims

To the extent that Plaintiff asserted tort claims, they cannot survive frivolity review due to Johnson's failure to exhaust her administrative remedies under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"). A court "may not entertain an FTCA action 'unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing,' although an agency's failure 'to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim.'" *Charlton v. United States*, No. 1:08-CV-1405-JEC, 2011 WL 6097756, at *2 (N.D. Ga. Dec. 5, 2011) (citing 28 U.S.C. § 2675(a)). "The claim must be presented to the agency within two years of its date of accrual and to the district court within

six months of the agency's mailing the notice of final denial of the claim." *Id*. (citing 28 U.S.C. § 2401(b)).

A plaintiff must allege specific facts demonstrating compliance with the exhaustion requirements. *Pompey v. Coad*, 314 F. App'x 176, 179 (11th Cir. 2008) ("Because Pompey did not allege facts sufficient to show that he exhausted administrative remedies—a jurisdictional prerequisite to his suit under the FTCA—the district court properly dismissed his complaint."); *Irvin v. United States*, No. 1:07-CV-0926-ECS, 2007 WL 9706489, at *4 (N.D. Ga. Oct. 9, 2007) (holding that plaintiff "bears the burden of proving exhaustion under the FTCA"). "Even *pro se* litigants must comply with the exhaustion requirement." *Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2016). Here, Johnson has not shown that she exhausted her administrative remedies on her son's behalf. Accordingly, those claims do not survive frivolity review.

## V. CONCLUSION

Johnson's *Bivens* claim survives frivolity review. Johnson's common law tort claims are **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is **DIRECTED** to send Johnson copies of the USM 285 form, summons, and initial disclosures form. Johnson is **ORDERED** to complete the 285 form, summons, and initial disclosures form, and to return them to the

Clerk of Court within 21 days after entry of this Order. The Clerk is further **DIRECTED** to resubmit this action to the undersigned in 21 days if Johnson fails to return the forms.

Johnson is cautioned that if she fails to provide accurate address information to the Clerk of Court for Defendants or fails to return the forms to the Clerk of Court within 21 days after entry of this Order, this action may be dismissed without further notice for want of prosecution. LR 41.3(A)(2), NDGa.

Upon receipt of the forms by Johnson, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include two Notices of Lawsuit and Request for Waiver of Service of Summons, two Waiver of Service of Summons forms, an envelope addressed to the Clerk of Court with adequate first-class postage for each Defendant's use in returning the waiver form, one copy of the Complaint, one copy of the initial disclosures form, and one copy of this Order. The Clerk shall retain the USM 285 form and the summons.

Upon completion of the service waiver package, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail a service waiver package to each Defendant. Each Defendant has a duty to avoid unnecessary costs of serving the summons. If any Defendant fails to

comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five days after the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshals Service a service package for that Defendant. The service package must include the USM 285 form, the summons, and one copy of the Complaint. Upon receipt of the service package, the U.S. Marshals Service is **DIRECTED** to personally serve that Defendant. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Johnson is **ORDERED** to serve upon each Defendant or their counsel, via hand-delivery or first-class mail, a copy of every other document she submits to the Clerk of Court. Johnson shall serve each document on counsel for Defendants on the same day such document is filed with the Clerk of Court. Johnson shall include with each paper so filed a "certificate of service" stating the date on which an accurate copy of that paper was mailed or hand-delivered to counsel for Defendants. The Court will disregard any papers that have not been properly filed with the Clerk or that do not include a certificate of service. Johnson is also

**ORDERED** to keep the Court and counsel for Defendants advised of Johnson's current address and telephone number at all times during the pendency of this action. LR 41.2B, 83.1D(3), NDGa.

    **SO ORDERED** this 22nd day of February, 2022.

_____<br>
Steven D. Grimberg<br>
United States District Court Judge